**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

Cassandra Cetoute,
Plaintiff,

Case No. 0:26-cv-61373-WPD

v.

EXPERIAN INFORMATION SOLUTIONS, INC.
AND TRANS UNION, LLC
Defendants.
_______________________________________/

**PLAINTIFF'S AMENDED COMPLAINT**

COMES NOW, Plaintiff, by and through counsel, and for Plaintiff's Complaint against Defendants, Experian Information Solutions, Inc. and Trans Union, LLC, respectfully alleges as follows:

## I. INTRODUCTION

1. Plaintiff, Cassandra Cetoute, a Florida resident, brings this action under Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") and TRANS UNION, LLC ("Trans Union") for violations of the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq. which require consumer reporting agencies to clearly and accurately disclose all information in a consumer's file upon request and failure to comply makes them liable under §§ 1681n and 1681o.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.
3. Plaintiff is a natural person and a legal resident of Tamarac, FL.

4. Defendants conduct business in the state of Florida; therefore, personal jurisdiction is established.

5. Venue is proper before this court pursuant to 28 U.S.C. § 1391(b) as Defendants conduct business in this district, communications, and a substantial part of the events or omissions giving rise to the claims herein occurred in Tamarac, FL.

## III. PARTIES

6. Plaintiff, Cassandra Cetoute, is a "consumer" as defined by 15 U.S.C. § 1681a(c).

7. Defendant Experian is a "consumer reporting agency" defined by 15 USC § 1681a(f).

8. Experian Information Solutions, Inc., is a foreign company doing business at all relevant times in Florida that may be served with process by serving its registered agent for service of process, CT Corporation System, 1200 South Pine Island Road, Plantation, FL, 33324, USA, which service is hereby requested.

9. Defendant Trans Union is a "consumer reporting agency" defined by 15 USC § 1681a(f).

10. Trans Union, LLC is a foreign limited liability company doing business at all relevant times in Florida that may be served with process by serving its registered agent for service of process, Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301, USA, which service is hereby requested.

11. Experian and Trans Union are collectively referred to as "CRAs" or "Defendants."

## IV. FACTUAL BACKGROUND

### *Plaintiff's Consumer Disclosure*

14. Plaintiff requested a copy of Plaintiff's consumer credit disclosure from each of the Defendants.

15. Pursuant to 15 U.S.C. § 1681g(a), upon receipt of Plaintiff's request, each Defendant was required to "clearly and accurately" disclose all information in Plaintiff's file at the time of

the request, with the limited exception that Plaintiff's Social Security number could be truncated upon Plaintiff's request.

16. Experian furnished an electronic copy of Plaintiff's Consumer Disclosure generated on April 7, 2026 ("Experian Disclosure") to Plaintiff, see Exhibit 1.

17. On Experian's Disclosures, the accounts at issue ("Experian Accounts") are as follows: Space Coast Credit Uni, Account No. 280000XX; Tbom/Contfin, Account No. 516648XXXXXX; Global Solution Biz LL, Account No. 202545XXX; LVNV Funding LLC, Account No. 444796XXXXXXXXXX; Receivable Management, Account No. 520014XXXXXX; and Vance & Huffman LLC, Account No. UC1085XX.

18. Trans Union furnished an electronic copy of Plaintiff's Consumer Disclosure on April 6, 2026, file number 326139129 ("Trans Union Disclosure") to Plaintiff, see Exhibit 2.

19. On Trans Union's Disclosures, the accounts at issue ("Trans Union Accounts") are as follows: Lvnv Funding LLC, Account No. 444796261824****; The Receivable Management Services LLC, Account No. 52001428****; and Vance and Huffman LLC, Account No. UC10****.

***Experian's Disclosure Was Not Complete, Clear, or Accurate***

***Omitted Date of First Delinquency***

20. Despite a requirement to disclose all information in Plaintiff's credit file at the time of the request, Experian's Disclosure omitted the Date of First Delinquency ("DOFD") contained in Plaintiff's credit file.

21. The DOFD is the operative date under 15 U.S.C. § 1681c(c), which governs the maximum permissible reporting period for adverse information. Section 1681c(c) requires CRAs to exclude from consumer reports any adverse item of information that antedates the report

by more than seven years, measured from the date of the delinquency that gave rise to the adverse entry.

22. The CDIA, a trade association representing the CRAs, including Experian, provides that:

> "This date "is used to ensure compliance with the Fair Credit Reporting Act, and that "[t]he date in the Date of First Delinquency field must be determined each reporting period based on" the applicable account status codes. The Date of First Delinquency is used by the consumer reporting agencies for purging purposes."

*SEE* EXHIBIT 3.

23. The CDIA thus recognizes the DOFD as a mandatory, compliance-driven data element that furnishers are required to report and that consumer reporting agencies, including Experian, are required to maintain and disclose. Despite this, Experian failed to disclose the DOFD to Plaintiff in Plaintiff's consumer disclosure.

24. Plaintiff's credit file contained Experian Accounts being reported, in which Experian's Disclosure omitted the DOFD for the account(s) at issue.

25. Pursuant to 15 U.S.C. § 1681s-2(a)(5), data furnishers are required to notify a consumer reporting agency of the date of delinquency when reporting any account placed for collection, charged off, or subjected to any similar action.

26. The data furnishers reported the DOFD to Experian in compliance with § 1681s-2(a)(5) and the C*redit Reporting Resource Guide*, and that information was maintained within Experian's file regarding Plaintiff at the time of Plaintiff's request.

27. Despite possessing the DOFD information, Experian failed to disclose it to Plaintiff. Pursuant to 15 U.S.C. § 1681g(a)(1), Experian was required to clearly and accurately disclose all information in Plaintiff's file at the time of the request. The DOFD is squarely

within that obligation; Experian's omission of it from Plaintiff's consumer disclosure is a direct violation of § 1681g(a)(1).

28. Without knowing the DOFD, a consumer has no meaningful way to determine whether an account is being reported within the permissible statutory window or whether it has been improperly re-aged, that is, whether the CRA or furnisher has manipulated the reporting timeline to keep adverse information on a consumer's file longer than the law allows.

29. By failing to disclose the DOFD from Plaintiff's consumer disclosure, Experian rendered Plaintiff's disclosure patently incomplete and misleading. Plaintiff was deprived of the foundational date necessary to assess whether the accounts are being reported lawfully under § 1681c(c), whether any re-aging has occurred, and whether a dispute is warranted, all in direct violation of 15 U.S.C. § 1681g(a)(1).

30. As a result of Experian's failure to disclose the DOFD, Plaintiff was deprived of the ability to determine whether the accounts had been improperly re-aged or reported beyond the permissible statutory period, creating a concrete risk of adverse effects, including the continued reporting of obsolete or inaccurate information that Plaintiff cannot effectively challenge without the DOFD.

31. Rather than comply with the FCRA, Experian knowingly and intentionally failed to disclose all of the information in Plaintiff's credit file, shifting the burden of disclosure and inquiry away from itself and onto Plaintiff.

***TransUnion's Disclosure Was Not Complete, Clear, or Accurate***

***Omitted Current Balance***

32. Despite a requirement to disclose all information in Plaintiff's credit file at the time of the request, Trans Union's Disclosure omitted the Current Balance contained in Plaintiff's credit file.

33. Trans Union's Disclosure failed to provide Plaintiff with complete and accurate account information. Specifically, Trans Union omitted the current balance for the Trans Union Accounts, thereby preventing Plaintiff from determining the actual balance information maintained in Trans Union's records.
34. The furnishers transmitted the current balance information for the Trans Union Accounts to Trans Union, and such information was maintained within Trans Union's internal consumer file for Plaintiff at the time of the request for Plaintiff's disclosure. Yet Trans Union failed to disclose this information to Plaintiff.
35. Trans Union's failure to disclose a complete and accurate current balance prevents a consumer from understanding the full status of a tradeline. The current balance reflects the consumer's actual financial obligation, and without disclosure of this information, Plaintiff could not determine whether any balance remained owed or whether the account had been satisfied.
36. Furthermore, the CDIA, a trade association representing the CRAs, including Trans Union, requires Trans Union to "Report the outstanding current balance on the account as of the Date of Account Information."

    *SEE* EXHIBIT 4.
37. The data furnishers reported the current balance to Trans Union in compliance with the C*redit Reporting Resource Guide*, and that information was maintained within Trans Union's file regarding Plaintiff at the time of Plaintiff's request.
38. Rather than comply with the FCRA, Trans Union knowingly and intentionally failed to disclose all of the information in Plaintiff's credit file, shifting the burden of disclosure and inquiry away from itself and onto Plaintiff.

39. Without having access to all the information in Plaintiff's file, Plaintiff is unable to determine if there is additional inaccurate/ incomplete information that Plaintiff needs to dispute had Plaintiff been given the full file as required by law.

40. Despite possessing the current balance information, Trans Union failed to disclose it to Plaintiff. Pursuant to 15 U.S.C. § 1681g(a)(1), Trans Union was required to clearly and accurately disclose all information in Plaintiff's file at the time of the request. The current balance is squarely within that obligation; Trans Union's omission of it from Plaintiff's consumer disclosure is a direct violation of § 1681g(a)(1).

***Omitted Account Information & Prevalence of Defendants' Errors***

41. Experian omitted full account numbers, complete payment history, and the date of first delinquency, even though this information was reported by the data furnishers and maintained in Experian's files for all Experian Accounts.

42. Trans Union omitted full account numbers, complete payment history, and the current balance, even though this information was reported by the data furnishers and maintained in Trans Union's files for all Trans Union Accounts.

43. When Defendants produce and sell consumer reports regarding Plaintiff to third parties, the full account numbers, complete payment history, current balance, and the date of first delinquency are included in those reports. The accuracy of Defendants' third-party reports demonstrates their ability to comply with 15 U.S.C. § 1681g(a).

44. Defendants had a duty to disclose all of the information in Plaintiff's file and breached that duty by withholding the foregoing account data. Without such information, a consumer is reduced to, at best, playing detective and, at worst, guessing as to whether the information in their report is accurate.

45. The failure to disclose full account numbers violates the FCRA's requirement that a CRA disclose all information contained in a consumer's credit file clearly and accurately. *See Washington v. Equifax,* Case No. 3:19-cv-00154 (M.D. Tenn. Jun. 12, 2019) (holding that truncation of account numbers states a plausible claim for a violation of Section 609 of the FCRA).

46. Pursuant to a FTC Opinion Letter (Advisory Opinion to Darcy, June 30, 2000), "it is our view that a CRA that always scrambles or truncates account (or social security) numbers does not technically comply with Section 609 because it does not provide 'accurate' (and perhaps not 'clear') disclosure of 'all information' in the file," see Exhibit 5.

47. Defendants' consumer disclosure to Plaintiff was generated using a template that extracts database information from a consumer's file and populates it into various pre-programmed fields on a consumer disclosure form. These same templates are used virtually every time a consumer requests their file.

48. Experian's disclosure was retrieved directly from experian.com exhibit the same incomplete account number, incomplete payment history, and missing DOFD data for Experian Accounts.

49. Trans Union's disclosures retrieved through www.annualcreditreport.com exhibit the same incomplete account number, missing balance, and incomplete payment history data for Trans Union Accounts.

50. The Supreme Court has instructed that any interpretation of the FCRA must have a foundation based in the language of the statute. *Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47, 69 (2007). Consistent with this instruction, the Second Circuit has held that 15 U.S.C. § 1681g "requires consumer reporting agencies to 'clearly and accurately disclose ... [a]ll

information,' not 'all accurate information.'" *Selvam v. Experian Information Solutions, Inc.,* 651 Fed. Appx. 29, 33 (2d Cir. 2016) (emphasis in original).

51. Accordingly, each Defendant's obligation under § 1681g(a)(1) extends to all information maintained in Plaintiff's file, regardless of whether that information is disputed or undisputed, and Defendants' failure to disclose the complete contents of Plaintiff's file constitutes a violation of that obligation.

52. In 2015, Equifax was sued by the Ohio Attorney General and thirty other state attorneys general for, as a result of the state attorneys' litigation, Equifax agreed to "revise training materials and adopt policies and procedures to notify and instruct Collection Furnishers that the name of the Original Creditor … [is a] mandatory reporting requirement[], and [Equifax] shall reject data that is not provided with the name of the Original Creditor."[1] Despite this agreement, Equifax has continued the same conduct. Experian and Trans Union are signatories to the same 2015 Assurance of Voluntary Compliance and agreed to the same data-standard obligations. Each Defendant has thus been on notice since 2015, yet continues to withhold this data from its § 1681g(a) consumer disclosures.

53. Experian has likewise long known that omitting material account information violates the FCRA. *Chaitoff v. Experian Info. Sols., Inc.*, 79 F.4th 800, 812-14 (7th Cir. 2023) (omission of material information actionable in case against Experian); *see also Gillespie v. Equifax Info. Servs., LLC*, 484 F.3d 938, 941-42 (7th Cir. 2007) (disclosure obscuring the DOFD fails § 1681g(a)(1)). Despite this, Experian's consumer disclosures omit the DOFD entirely.

---

[1]https://www.ohioattorneygeneral.gov/Files/Briefing-Room/News-Releases/Consumer-Protection/2015-05-20-CRAs-AVC.aspx

54. Trans Union's awareness is likewise well-documented. Juries have twice found that Trans Union willfully violated § 1681g(a) by omitting file information from consumer disclosures while furnishing that same information to third parties. *Cortez v. Trans Union, LLC*, 617 F.3d 688, 696-706, 711–12 (3d Cir. 2010); *Ramirez v. TransUnion LLC*, 951 F.3d 1008, 1032 (9th Cir. 2020), *rev'd in part on other grounds*, 594 U.S. 413 (2021). Despite two willful-violation verdicts, Trans Union continues the same practice, including its omission of current balances.

55. Defendants' knowing and repeated conduct warrants an award of ***punitive damages.*** Defendants' failure to disclose all of the information in the consumer's credit file is an intentional violation of 15 U.S.C. § 1681g(a), motivated by the desire to avoid costs and increase profits.

56. Plaintiff has a right to a full and complete disclosure of the contents of Plaintiff's file upon demand, at least once a year and without charge, presented clearly and accurately, pursuant to 15 U.S.C. § 1681j. Each Defendant's failure to accurately, fully, and clearly disclose the information within its files regarding Plaintiff deprived Plaintiff of this right.

***Plaintiff's Injury and Standing***

57. Experian's automated systems omit the Date of First Delinquency from consumer disclosures, despite this information being furnished by data furnishers and maintained within Experian's files.

58. Trans Union's automated systems omit the Current Balance from consumer disclosures, despite this information being furnished by data furnishers and maintained in Trans Union's files.

59. Defendants' disclosure to Plaintiff was generated using a template that extracts database information from a consumer's file and populates it into various pre-programmed fields on

a consumer disclosure form, and this same template is used virtually every time a consumer requests their file from each Defendant.

60. Every consumer who requested their disclosure from each Defendant since the template's use began received a consumer disclosure with the same deficiency as Plaintiff. Defendants know of this error but, despite such knowledge, have yet to correct it. Defendants' knowing and repeated conduct warrants an award of punitive damages and is an intentional violation of 15 U.S.C. § 1681g(a), motivated by the desire to avoid costs and increase profits.

61. Without access to this complete information, Plaintiff was left unable to verify the accounts against Plaintiff's own records, forcing Plaintiff to speculate as to the accuracy and completeness of the information reported by each Defendant.

62. Defendants' omission of full account numbers, complete payment history, date of first delinquency, and current balance greatly decreases Plaintiff's ability to understand their consumer credit disclosure, identify the accounts, compare those accounts with their own records, and deprives Plaintiff of information necessary to meaningfully review and assess the accuracy of Plaintiff's credit file.

63. These omissions caused Plaintiff great frustration and emotional distress when trying to understand Plaintiff's credit report and verify it against Plaintiff's own financial records.

64. Plaintiff suffered a concrete informational injury when Defendants failed to provide complete disclosures of all information contained in Plaintiff's consumer files as required by 15 U.S.C. § 1681g. By withholding the foregoing information, Defendants deprived Plaintiff of information to which Plaintiff was statutorily entitled and prevented Plaintiff from determining the true status of Plaintiff's accounts and from meaningfully reviewing the accuracy and completeness of Plaintiff's credit file. Therefore, forcing Plaintiff to

speculate about the completeness and accuracy of the information being maintained and potentially furnished to third parties.

65. Defendants' actions and inactions caused significant harm to Plaintiff, including but not limited to: preventing Plaintiff from identifying and correcting errors found in the credit file; obstructing Plaintiff's statutory right to dispute inaccurate or incomplete information; subjecting Plaintiff to frustration, confusion, and unnecessary delay; causing emotional distress, anxiety, and embarrassment; and forcing Plaintiff to waste substantial time and resources attempting to remedy incompleteness and inaccuracies.

## V. VIOLATIONS OF 15 U.S.C. § 1681g

## COUNT I- WILLFUL VIOLATIONS OF 15 U.S.C. § 1681g

66. Experian willfully violated 15 U.S.C. § 1681g(a)(1) when responding to Plaintiff's request for Plaintiff's consumer disclosure by failing to clearly and accurately disclose all information in Plaintiff's file at the time of the request. Specifically, Experian disclosed accounts without providing the Date of First Delinquency, even though the DOFD was reported by the data furnishers to Experian, and maintained in Experian's files.

67. Trans Union willfully violated 15 U.S.C. § 1681g(a)(1) when responding to Plaintiff's request for Plaintiff's consumer disclosure by failing to clearly and accurately disclose all information in Plaintiff's file at the time of the request. Specifically, Trans Union disclosed accounts without providing the current balances, even though the current balance was reported by the data furnishers to Trans Union, and maintained in Trans Union's files.

68. Each CRA's violations were willful, as each knew or should have known that the information at issue was maintained within its respective file and was required to be disclosed to Plaintiff under 15 U.S.C. § 1681g(a)(1). Each Defendant's violations are

further evidenced by its longstanding awareness of these systemic disclosure failures, which have been identified and disputed by other consumers for years.

69. Each CRA is therefore liable to Plaintiff, pursuant to 15 U.S.C. § 1681n, for the greater of Plaintiff's actual damages and statutory damages of up to $1,000 plus punitive damages and attorneys' fees and costs.

**COUNT II — NEGLIGENT VIOLATIONS OF § 1681g**

70. Alternatively, Experian negligently violated 15 U.S.C. § 1681g(a)(1) when responding to Plaintiff's request for Plaintiff's consumer disclosure by failing to clearly and accurately disclose all information in Plaintiff's file at the time of the request. Specifically, Experian disclosed accounts without providing the Date of First Delinquency, even though the DOFD was reported by the data furnishers to Experian, and maintained in Experian's files.

71. Alternatively, Trans Union negligently violated 15 U.S.C. § 1681g(a)(1) when responding to Plaintiff's request for Plaintiff's consumer disclosure by failing to clearly and accurately disclose all information in Plaintiff's file at the time of the request. Specifically, Trans Union disclosed accounts without providing the current balances, even though the current balance was reported by the data furnishers to Trans Union, and maintained in Trans Union's files.

72. CRAs had a legal duty to provide Plaintiff with a clear and accurate disclosure of all information within their respective files at the time of Plaintiff's request, and breached that duty as set forth above.

73. CRAs are therefore liable to Plaintiff, pursuant to 15 U.S.C. § 1681o, for Plaintiff's actual damages, plus attorneys' fees and costs.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CASSANDRA CETOUTE, respectfully requests that an award be entered in favor of Plaintiff and against Defendants, for all damages allowable, costs, expenses, attorney fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

## VII. DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Respectfully Submitted,

Dated: July 6, 2026

*/s/ Miranda Jackson*
Miranda Jackson, Esq.
FBN 0098593
Attorney for Plaintiff
Your Good Lawyers
501 N Magnolia Ave
Orlando, FL 32801
(407) 710-0130
civil@yourgoodlawyers.com